UNITED STATES of America,
Plaintiff–Appellee,

v.

Shawnte FOGGIE, Defendant–
Appellant.

No. 02–3761.

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2002.

**488**

Before BOGGS, NORRIS, and COLE, Circuit Judges.

Shawnte Foggie appeals a district court order revoking his term of supervised release. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Foggie pleaded guilty to making false statements in the acquisition of firearms from a federally licensed firearms dealer in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2), & 2. The district court sentenced Foggie to six months of imprisonment and three years of supervised release. Foggie did not appeal his conviction or sentence. Following his release from prison, Foggie began serving his supervised release in April 2002. However, in June 2002, the probation office filed a supervised release violation report, noting that Foggie had committed four violations of the conditions of his supervised release. The district court subsequently revoked Foggie's supervised release and sentenced him to six months of imprisonment; the court also imposed a new one year term of supervised release. Foggie has filed a timely appeal. On appeal, Foggie's counsel has filed a motion to

withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he raises the following issue for review: whether the district court properly revoked Foggie's supervised release and imposed a new term of imprisonment. Foggie has not responded to his counsel's motion to withdraw.

■ Upon review, we conclude that the district court properly revoked Foggie's supervised release. This court reviews for an abuse of discretion a district court's decision to revoke a defendant's term of supervised release. *United States v. Lowenstein,* 108 F.3d 80, 85–86 (6th Cir.1997). The district court may revoke a defendant's supervised release when the court concludes, by a preponderance of the evidence, that the defendant violated a condition of his supervised release. *Id.* at 85.

The district court did not abuse its discretion in revoking Foggie's supervised release. The supervised release violation report noted that Foggie failed to report with his probation officer, failed to secure and maintain full-time employment, and tested positive for marijuana. At the subsequent hearing, Foggie acknowledged committing these violations of his supervised release. Consequently, the district court's decision was supported by a preponderance of the evidence.

■ Further, Foggie's sentence is not appealable. Under USSG § 7B1.4(a), the recommended sentencing range for Foggie was three to nine months of imprisonment, and the court's sentence of six months of imprisonment fell within this Guidelines range. Foggie acknowledges that the district court properly calculated his Guidelines range and that his sentence fell within that range. Consequently, Foggie cannot appeal this sentence, *United States v. Lively,* 20 F.3d 193, 196–97

(6th Cir.1994), and this court lacks jurisdiction to review any challenge to the sentence. *United States v. Epley,* 52 F.3d 571, 580 (6th Cir.1995).

Accordingly, this court grants counsel's motion to withdraw and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.